IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VISION BANK, | ) | |
|    Plaintiff, | ) | |
| v. | ) | CIVIL ACTION 10-0372-KD-M |
| RUSSELL F. ANDERSON, | ) | |
|    Defendant. | ) | |

## ORDER

This action is before the Court on plaintiff Vision Bank's motion for summary judgment, brief, and evidentiary materials in support (docs. 15, 16, 17). Upon consideration, and for the reasons set forth herein, Vision Bank's motion for summary judgment is **GRANTED.**

I. Background

On July 22, 2010, plaintiff Vision Bank filed a complaint against Anderson seeking remedies for his default under the Multipurpose Note and Security Agreement which he executed June 14, 2006 and as amended February 21, 2008 (Note) and the Home Equity Line of Credit Agreement (HELOC) which Anderson executed February 21, 2008 (doc. 1, Complaint, Exhibits A, B, C). On August 10, 2010, Vision Bank foreclosed upon the real property subject to the HELOC (doc. 17-1, p. 2, Erica Duncan Affidavit, Special Assets Administrator for Vision Bank).

On November 30, 2010, Anderson answered the complaint and denied each and every allegation and demanded strict proof thereof (doc. 11). On February 25, 2011, Vision Bank filed this motion for summary judgment. The Court set a response deadline. However, Anderson did not respond to the motion.

1

II.     Findings of fact

Because Anderson failed to respond to the motion for summary judgment and consequently failed to identify any disputed facts in Vision Bank's brief or its suggested determinations of findings of fact, his "[f]ailure to do so will be considered an admission that no material factual dispute exists". S.D. Ala. L.R. 7.2(b); *see Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1302–03 (11th Cir. 2009) (giving deference to interpretation of local rule which provides that if a "party responding to a summary judgment motion does not directly refute a material fact set forth in the movant's Statement of Material Facts with specific citations to evidence, or otherwise fails to state a valid objection to the material fact pursuant to Local Rule 56.1B(2), such fact is deemed admitted by the respondent."); *see Patton v. City of Hapeville, Ga.,* 162 Fed. Appx. 895, 896 (11th Cir.2006)[1] (unreported opinion) ("We conclude from the record, however, that the district court properly held that the defendants' statement of undisputed facts filed with their motion for summary judgment were admitted when Patton failed to respond to the statement of facts in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of Georgia.").

The Court, having determined that Vision Bank's suggested determinations of findings of fact are deemed admitted, makes the following factual findings (doc. 16, ¶¶ 1-10):

1. On June 14, 2006, Anderson entered into a Multipurpose Note and Security Agreement with Vision Bank in the principal amount of Two Hundred Eighty-Five Thousand Dollars ($285,000.00). The Note was due to mature on June 14, 2008 (doc. 17-1, Affidavit of Duncan, ¶ 3; *see* doc. 1, Exhibit A).

---

[1] Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority. U.S.Ct. of App. 11th Cir. Rule 36-2.

2. Subsequently and at the request of Anderson, Vision Bank granted and Anderson executed a renewal of the Multipurpose Note and Security Agreement on February 21, 2008. This Note extended the maturity date of the Note to February 21, 2011 (doc. 17-1, Affidavit of Duncan, ¶ 4; *see* doc. 1, Exhibit B).

3. The terms of the Note, as renewed, modified and/or amended, required Anderson to pay monthly installments of One Thousand, Seven Hundred Ninety-Three and 78/100 Dollars ($1,793.78) beginning March 21, 2008 and continuing monthly thereafter (doc. 1, Exhibit B).

4. On or about February 21, 2008, Anderson executed a separate Home Equity Line of Credit Agreement (HELOC) in favor of Vision Bank in the principal amount of Seventy-Five Thousand Dollars ($75,000.00). The HELOC was due to mature on March 26, 2032 (doc. 17-1, Affidavit of Duncan, ¶ 5; *see* doc. 1, Exhibit C).

5. The terms of the HELOC required Anderson to make monthly payments consisting of all accrued interest plus credit life insurance premium (if any), plus any past due payments and amounts which exceeded Anderson's credit limit (doc. 1, Exhibit C).

6. Anderson failed to make payments as they came due under the terms of the Note, as renewed, modified and/or amended, or the HELOC (doc. 17-1, *see* Affidavit of Duncan, ¶ 6).

7. On or about May 5, 2010, Vision Bank issued a Notice of Default and Demand for Payment to the Anderson for the Note and HELOC, and accelerated all amounts due and owing by Anderson (doc. 1, Exhibit D, Exhibit E).

8. As of February 25, 2011, after applying all credits and payments, a total indebtedness in the amount of Two Hundred Fifty-Six Thousand, Four Hundred Four Dollars ($256,404.00) remained unpaid in regard to the Note, which sum consists of the principal amount of Two Hundred One Thousand Forty Five and 47/100 Dollars ($201,045.47), interest in the amount of

3

Fifty Five Thousand One Hundred Seventy Nine and 15/100 Dollars ($55,179.15), with interest continuing to accrue at a per diem rate of One Hundred Dollars and Fifty-Two Cents ($100.52), and late charges in the amount of One Hundred Seventy Nine and 38/100 Dollars ($179.38) (doc. 17-1, Affidavit of Duncan, ¶¶ 8, 9).

9. As of February 25, 2011, after applying all credits and payments,[2] a total indebtedness in the amount of Seventy-Seven Thousand, Ninety Dollars and Sixty-Eight Cents ($77,090.68) remained unpaid in regard to the HELOC Agreement, which consists of the principal amount of Seventy Six Thousand Nine Hundred Seventy and 62/100 Dollars ($76,970.62), with interest continuing to accrue at a per diem rate of Six Dollars and Sixty-Seven Cents ($6.67) (doc. 17-1, Affidavit of Duncan, ¶¶ 10-11).

III.   Conclusions of law

   A. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a party asserts "that a fact cannot be or is genuinely disputed", the party must

> (A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)(B).

---

[2] Vision Bank purchased the real property at the foreclosure sale for $70,000.00 (doc. 17-1, Duncan Affidavit, ¶ 7).

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). In this case, Vision Bank, as the moving party and plaintiff, bears the burden of proof at trial. The Eleventh Circuit has stated:

> When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it "must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial." In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party.

*United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1438 (11th Cir.1991) (en banc) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 331, 106 S.Ct. 2548 (1986)).

Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact. *Id.* "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof, 'the moving party is entitled to summary judgment." *Id.* (quoting *Celotex Corp. v. Catrett,* 477 U.S. at 323, 106 S. Ct. at 2552 (footnote omitted)). "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen,* 965 F.2d 994, 999 (11th Cir.1992) (internal citations and quotations omitted). However, the mere existence of any factual dispute will not automatically necessitate

5

denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. *Lofton v. Secretary of Dept. of Children and Family Services,* 358 F.3d 804, 809 (11th Cir.2004).

B. Applicable law

The Note and HELOC contain a choice of law provision whereby the laws of the State of Alabama apply to these transactions (doc. 1-1, p. 3, 12, 15). Also, because this action is before the Court on basis of diversity jurisdiction, the substantive law of the State of Alabama applies to this Court's analysis. *Employers Mut. Cas. Co. v. Mallard,* 309 F.3d 1305, 1307 (11th Cir.2002).

Under Alabama law, loan documents are governed under contract law. *See Penick v. Most Worshipful Prince Hall Grand Lodge F & A M of Alabama, Inc.,* 46 So.3d 416, 428 (Ala., 2010) (construing terms of a mortgage, notes and modification agreement). In that regard, "[i]f the terms within a contract are plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court and, when appropriate, may be decided by a summary judgment." *Diamond v. Bank of Alabama,* 43 So.3d 552, 563 (Ala. 2009) (construing terms of a promissory note, guaranty, line of credit and letter of credit and finding documents underlying loan transaction were not ambiguous) (citations omitted). *See Peppertree Apartments, Ltd. v. Peppertree Apartments*, 631 So.2d 873, 878 (Ala. 1993) ("The intention of the parties controls when a court construes the terms of a promissory note, and that intention is to be derived from the provisions of the contract, if the language is plain and unambiguous.").

C. Analysis

By failing to respond, Anderson has not met his burden to present evidence upon which the Court could find that there is a genuine issue of material fact. However, the "mere failure of the non-moving party to create a factual dispute does not automatically authorize the entry of

6

summary judgment for the moving party." *Dixie Stevedores, Inc. v. Marinic Maritime, Ltd.,* 778 F.2d 670, 673 (11th Cir.1985). The Eleventh Circuit Court of Appeals has held that "[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion", and noted the provision in Fed.R.Civ.P. 56(e) that when " 'the adverse party does not respond, summary judgment, *if appropriate,* shall be entered against the adverse party.' " *United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Florida,* 363 F.3d 1099, 1101 (11th Cir.2004),[3] (emphasis in original) (citation omitted); *see also Trustees of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc.,* 374 F.3d 1035, 1040 (11th Cir.2004) (vacating and remanding the district court's grant of summary judgment, in part, "[b]ecause summary judgment cannot be granted as a sanction for merely failing to file a response to a motion for summary judgment[.]")

The Eleventh Circuit further explained that

> [t]he district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. [ ] At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment. The district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact. In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must indicate that the merits of the motion were addressed.

---

[3] The Court notes that the current version of Rule 56(e) no longer contains this exact language. The Rule, however, does provide that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. Rule 56(e).

*One Piece of Real Property,* 363 F.3d at 1101-1102 (citations, internal quotations and footnote omitted).

Therefore, the Court "must review all of the evidentiary materials submitted in support of the motion for summary judgment" to "ensure that the motion itself is supported by evidentiary materials" i*d*. at 1102, and review Vision Bank's "citations to the record to determine if there is, indeed, no genuine issue of material fact" such that granting summary judgment would be appropriate. *Mann,* 588 F.3d at 1303 (citing *Reese v. Herbert,* 527 F.3d 1253, 1269 (11th Cir.2008)). "Even in an unopposed motion" Vision Bank as the movant "still bears the burden of identifying 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Id*. (quoting *Celotex Corp.* 477 U.S. at 323, 106 S.Ct. at 2553).

The undisputed facts, supported by the affidavit and documents provided by Vision Bank, establish that Anderson executed the Note and HELOC, became obligated to Vision Bank on these debts, and defaulted upon that obligation. Further, the loan transaction documents unambiguously set forth the intent of the parties and the obligations undertaken by Anderson.

Vision Bank's evidentiary submissions establish that after credit for all payments,

as of February 25, 2011, the principal amount due on the Renewed Multipurpose Note and Security Agreement was $201,045.47, plus accrued interest in the amount of $55,179.15, plus late charges of $179.38, for a total amount due of $256,404.00, with interest in the amount of $100.52 per diem continuing to accrue on the principal amount from February 25, 2011 until the date of this order; and

as of February 25, 2011, the principal amount due on the Home Equity Line of Credit Agreement was $76,970.62 plus accrued interest in the amount of $120.06, for a total of $77,090.68, with interest in the amount of $6.67 per diem continuing to accrue on the principal amount from February 25, 2011 until the date of this order.

(doc. 17-1, Affidavit of Duncan).

Accordingly, upon review of the evidence submitted by Vision Bank, the Court finds that

8

there is no genuine issue of material fact as to whether Andersons owes this debt such that would preclude this Court's entry of judgment in favor of Vision Bank. *See Griffin v. American Bank*, 628 So. 2d 540, 543 (Ala. 1993) (bank entitled to summary judgment on promissory note where bank's president submitted affidavit attaching copy of note and stating that borrower made no payments on note, and borrower did not offer evidence in defense).

IV. Conclusion

Upon consideration of the evidence and for the reasons set forth herein, the Court finds that there is no genuine issue of material fact and Vision Bank is entitled to judgment as a matter of law. Accordingly, Vision Bank's motion for summary judgment is GRANTED.

Judgment shall be entered by separate document as provided in Rule 58 of the Federal Rules of Civil Procedure.

DONE and ORDERED this the 28th day of April, 2011.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE